## 10255.  AUTREY v. THE STATE.

On the trial of one charged in the indictment with having had on a given date in 1918 unlawful possession of twenty-five gallons of corn whisky, testimony that about two or three months before that time he had in his possession a flask containing corn whisky was relevant and material; and the admission of this testimony after the close of the evidence introduced by the defendant and the defendant's statement was a matter within the discretion of the trial judge.

The evidence demanded the verdict of guilty; and therefore the admission of other testimony as to which complaint was made, even if it was improperly admitted, was not cause for a new trial.

DECIDED MAY 16, 1916.

Indictment for possession of liquor; from Forsyth superior court —Judge Morris.  November 2, 1918.

Autrey was tried on August 30, 1918, and convicted, under an indictment which charged that on the 27th of the same month he unlawfully had in his possession twenty-five gallons of corn whisky.  The witness referred to in division 2 of the decision was introduced for the State after the close of the testimony introduced by the defendant and the defendant's statement, and testified that he was deputy sheriff and caught the defendant "two or three months ago, hauling a still used to make liquor, in his car."  The admission of this statement of the witness was objected to, and in the motion for a new trial is assigned as error, on the ground that it was irrelevant and was not in rebuttal.  This statement was followed by the one quoted in the decision and complained of in the remaining special ground of the motion for a new trial.

R. B. Russell, J. P. Brooke, for plaintiff in error.

John T. Dorsey, solicitor-general, William Bull, contra.

BLOODWORTH, J.  1. The defendant was indicted for having in his possession intoxicating liquors.  The evidence for the State showed that on two different occasions he was in possession of such liquors.  In his statement at the trial he denied that he was in possession of such liquors on one of these occasions; and by evidence he sought to impeach the chief witnesses for the State, and also to establish an alibi.  There was a verdict of guilty.  He filed a motion for a new trial, and insisted that the verdict should be set aside as being without evidence to support it.  There was evidence sufficient to authorize the verdict, and, under the repeated and uniform rulings of this court, the verdict must stand.

2. In the motion for a new trial it is insisted that the court erred in allowing a witness to testify: "When Autrey got out of the car I saw him drop a flask of whisky from his pocket. It was a pint-bottle about half full of corn whiskey." The objection urged to this testimony was that it was "irrelevent and immaterial, and not in rebuttal of any evidence sought to be established by the defendant." In permitting this evidence to go to the jury the court did not err. When a person is indicted for having in his possession intoxicating liquor the State may prove such possession at any time prior to the finding of the indictment and subsequent to March 28, 1917, the date of the approval of the act under which defendant was indicted. (When the act is two years old the proof of possession must be within two years immediately prior to the time the indictment is returned.) In *Bryant* v. *State,* 97 *Ga.* 105 (25 S. E. 451), Mr. Justice Atkinson says: "In misdemeanor cases, it is the constant practice to submit to the jury evidence of several misdemeanors of the same character, perpetrated by the same person. No harm can result from this practice; inasmuch as the State is permitted to give in evidence before the jury testimony showing the commission of the alleged misdemeanor at any time within two years next before the finding of the indictment, the defendant must be prepared to answer for himself as to each occasion upon which the State may elect to prove his guilt, but with the resulting advantage that but one judgment can be given upon the same indictment, and, though he may have committed many misdemeanors of like character, a judgment of conviction as to one will protect him as to all, the indictment being general and not specific in its descriptive averments." See also *Craig* v. *State,* 108 *Ga.* 776 (2) (33 S. E. 653). The correctness of the above ruling has never been challenged, and in misdemeanor cases it is still the practice, and a correct one, "to submit to the jury evidence of several misdemeanors of the same character, perpetrated by the same person." The indictment in this case is a general one, and under it the State would be allowed to show any number of "possessions" of liquor since the passage of the act. This being true, had the evidence quoted above, to the introduction of which objection was made, been offered "in chief," it would clearly have been admissible. It is both relevant and material.

Then, should this evidence have been rejected as "not in rebuttal of any evidence sought to be established by the defendant"? This question is answered in the negative by rulings of the Supreme Court. In *Bigelow* v. *Young,* 30 Ga. 121, the 3d headnote is as follows: "It is within the discretionary power of the court to allow a witness to be sworn, after the evidence on both sides has been announced closed, and the argument has been commenced; and a liberal practice in this respect is most favorable to the ends of justice." In *Orr* v. *Garabold,* 85 Ga. 373 (11 S. E. 778). The 5th headnote reads thus: "The admission of testimony after plaintiff has closed his evidence, over objection that it is not in rebuttal and should have been introduced in chief, is within the discretion of the trial court." See also *Watson* v. *Barnes,* 125 Ga. 733 (2) (54 S. E. 723); *Green* v. *State,* 119 Ga. 120 (3) (45 S. E. 990); *Georgia Railroad & Banking Co.* v. *Churchill,* 113 Ga. 12 (3) (38 S. E. 336); *Huff* v. *State,* 104 Ga. 521 (5) (30 S. E. 808); *Johnson* v. *State,* 85 Ga. 562 (3) (11 S. E. 844); *Augusta & Summerville Railroad Co.* v. *Randall,* 85 Ga. 297 (4) (11 S. E. 706). This evidence being properly before the jury and not being contradicted, the verdict found was demanded.

As this evidence demanded a verdict of guilty, even if the testimony referred to in the other special ground of the motion for a new trial was improperly admitted, the admission of that testimony would not warrant the granting of a new trial. The motion for a new trial shows no error and was properly overruled, and the judgment must be

     *Affirmed.  Broyles, P. J., and Stephens, J., concur.*