## 17206.   WATKINS *v.* THE STATE.

1. "In misdemeanor cases it is the constant practice to submit to the jury evidence of several misdemeanors of the same character perpetrated by the same person."
2. There is positive and direct evidence of the guilt of the accused, and the overruling of the motion for a new trial was not error.

DECIDED MAY 12, 1926.

Conviction of possession of liquor; from Hancock superior court —Judge Park.   January 18, 1926.

*John C. Lewis,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

BLOODWORTH, J.   Only the first headnote needs elaboration. The motion for a new trial alleges that the court erred in admitting certain evidence, the objection thereto being "that the evidence was illegal for the reason that the witness was being questioned and was testifying to a similar offense committed at a different time from that for which he [the defendant?] was then on trial." It is well settled that the prosecution is not restricted in its proof to the precise date alleged in the indictment or other criminal accusation, but may prove the commission of the alleged offense at any time within the statute of limitations.   *Cook* v. *State,* 33 *Ga. App.* 571 (127 S. E. 156).   "In misdemeanor cases it is the constant practice to submit to the jury evidence of several misdemeanors of the same character perpetrated by the same individuals."   *Autrey* v. *State,* 23 *Ga. App.* 764 (2) (99 S. E. 389).

---

Criminal Law, 16 C. J. p. 861, n. 25; p. 1180, n. 74.
Indictments and Informations, 31 C. J. p. 841, n. 4.

Under the facts of this case, and in the light of the qualifying note of the trial judge, there is no merit in this ground to the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*