## 18545. LAMB v. THE STATE.

DECIDED DECEMBER 13, 1927.

Possessing liquor; from Emanuel superior court—Judge Camp presiding. September 10, 1927.

*Price, Spivey & Edenfield,* for plaintiff in error.

*A. S. Bradley, solicitor-general,* contra.

Intoxicating Liquors, 33 C. J. p. 761, n. 53.

---

## 18546. LAMB v. THE STATE.

No cause for a new trial of one who was tried under an indictment charging sale of intoxicating liquor in Emanuel county is shown by grounds of the motion for a new trial which complain of the admission of testimony as to possession and delivery of whisky in Jefferson county.

(a) The grounds mentioned above, in which the quoted testimony was in regard to delivery and possession by persons designated as "he," "him," and "they," and not by name, are too incomplete to require consideration, since reference to the brief of the evidence would be necessary to enable this court to understand them.

There was ample evidence to support the verdict.

DECIDED DEQEMBER 13, 1927.

Sale of intoxicating liquor; from Emanuel superior court— Judge Camp. September 18, 1927.

The testimony complained of in the grounds of the motion for a new trial mentioned in the decision was admitted over the objections that it evidenced a sale of liquor in a county other than that in which the defendant was being tried, and referred to possession of liquor in a county other than the county of the trial, and that it tended to prejudice the defendant's case and to inflame the minds of the jury against him.

There was other testimony showing the sale of liquor by the accused in the county of the trial at the time alleged in the indictment.

*Price, Spivey & Edenfield,* for plaintiff in error.

*A. S. Bradley, solicitor-general,* contra.

Criminal Law, 16 C. J. p. 1218, n. 53 New; 17 C. J. p. 271, n. 41. Intoxicating Liquors, 33 C. J. p. 764, n. 1.

BLOODWORTH, J. 1. In the 4th and 5th special grounds of the motion for a new trial error is alleged "because the following material evidence [of named witnesses] was illegally admitted to the jury:" (4) "I went back to the Jefferson county side with him. He then delivered this whisky to me. I saw the quantity of liquor he had in his possession. I never seen all of it. Three cases is as much as I seen. It was all in fruit-jars or appeared to be. That is a half-gallon of that same liquor that I procured from him." (5) "They said, 'We can't deliver it to you here. We have got 25 gallons. We will deliver it on the other side. We are afraid of Emanuel county, but we are not afraid in Jefferson county.' Then Jim Black and Lumus went back. He asked us if we wanted to go over there. We told him 'No,' that we didn't want to catch them in Jefferson county, that we had nothing to do with over there, that we wanted to catch them in Emanuel, and we were not going across. He went over there and brought back this half-gallon from the other side. That is the half-gallon right there." The court did not err in admitting this evidence. See *Autrey* v. *State*, 23 *Ga. App.* 763 (99 S. E. 389); *Cole* v. *State*, 120 *Ga.* 485 (48 S. E. 156). Moreover, these grounds of the motion are so incomplete as to require reference to the record to understand them, and this court is not required to consider them. Who is the "he" and the "him" referred to in the 4th ground, and the "they" and "we" referred to in the 5th ground?

2. There is ample evidence to support the finding of the jury, which is approved by the judge who tried the case, and this court will not interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*