37086. SWEAT *et al. v.* EHRENSPERGER.

DECIDED MARCH 12, 1958—REHEARING DENIED APRIL 1, 1958.

*Memory, Barnes & Memory, S. F. Memory,* for plaintiffs in error.

*Francis Houston, Lee S. Purdom,* contra.

GARDNER, Presiding Judge. This case was carried first to the Supreme Court on a question of title to the lands upon which the trespass was alleged to have been committed. The Supreme Court transferred the case to the Court of Appeals. The only question presented here is whether the defendant Pearson, the sharecropper of the defendant Sweat, cut the trees from the plaintiff's lands, the trees alleged to be worth $200, and whether or not the trees which were felled injured young pine trees on which they fell, and the amount of injury to the young trees, if there was any injury. The jury were authorized to find that the defendant Pearson cut the trees from the plaintiff's lands and used them for firewood and in curing the tobacco crop grown by the defendant Pearson as a sharecropper for the defendant Sweat. The jury were authorized to find that the trees felled were worth $200. The jury were authorized to find also that the defendants knew or should have known that the trees were cut by the defendant Pearson and used as set out hereinabove. The Supreme Court held in *Byne* v. *Hatcher,* 75 *Ga.* 289 (3): "While a principal is not, as a general rule, liable for the wilful trespass of his agent, yet, if the trespass be committed by the principal's command, or if it is assented to by him, he is liable. Such assent or ratification may be implied from the conduct of the principal; and he cannot ratify the act of his agent in part, and repudiate it in part." The petition sets up two issues of recovery, the value of the trees felled ($200) and damage to small trees on which the trees fell when cut ($100). There is no evidence to support

the verdict of $100 for damage to the small trees. The only attempted evidence as to the value was that of the plaintiff. He testified that the cut trees fell on a large number of smaller trees varying from "the size of my wrist" to smaller seedlings, but that he did not know how to estimate the damage to the small trees or the value thereof. It follows that there is not sufficient evidence to sustain the verdict for $100 returned by the jury for damage to the small pine trees.

The special grounds and the general grounds are so interrelated that we see no reason to discuss the special grounds except to say that the same ruling applies to them as we have given hereinabove regarding the general grounds.

The court did not err in denying the motion for a judgment for the defendants notwithstanding the verdict in favor of the plaintiff.

This court gives the following direction: The verdict in favor of the plaintiff is affirmed with direction that, within ten days from the time the remittitur from this court is received, he write from the verdict the amount of $100 sought as damages to the smaller trees; otherwise the judgment shall stand reversed.

*Judgment affirmed with direction. Townsend and Carlisle, JJ., concur.*