37268.   NATIONAL AUTOMOBILE INSURANCE
COMPANY *v.* VAUGHN.

DECIDED OCTOBER 1, 1958—
REHEARING DENIED OCTOBER 23, 1958.

*Ginsberg & Haskins,* for plaintiff in error.

*Wotton, Long & Jones, Durham Schane,* contra.

FELTON, Chief Judge. The plaintiff did not prove that the market value of the automobile at the time of the loss was greater than $1,000, the amount that had been paid to the creditor beneficiary named in the policy.

The plaintiff testified that the market value at the time of the loss was $1,740 but he stated that he arrived at such figure because that was the price he paid for the automobile and he thought it was worth what he paid for it.

The evidence did show that the loss occurred six or seven weeks after the plaintiff purchased the car for $1,740 and the plaintiff testified that he had driven it very little. Ordinarily, a jury is authorized to make a finding as to market value based on the purchase price, the recentness of the purchase, the care given between the purchase and the loss, etc. (*Atlantic Coast Line R. Co.* v. *Clements,* 92 *Ga. App.* 451, 455, 88 S. E. 2d 809) ; however, such principle applies only where there has been no more than ordinary or average wear and tear on the automobile. Purchase price standing alone is not sufficient to establish market value. *Collins & Glennville R. Co.* v. *Beasley,* 36 *Ga. App.* 241, 243 (136 S. E. 167).

In this case the plaintiff testified: "Q. August 30th what happened to that car? A. Well, I had started out to the Old Highway and it started making a noise and it caught fire and it was burned, total loss."

Lewis Forrester testified for the defendant that he was an adjuster with the defendant; that he had been trained in automotive mechanics; that on the day after the loss he examined the automobile and made a mechanical inspection; that he

found the drive shaft, the front universal joints and the transmission destroyed; that such condition could not possibly have been caused by the fire; that the plaintiff had told him that as he, plaintiff, was starting across the bridge on the Old 41 Highway, he heard a loud noise; that the noise the plaintiff had heard was the drive shaft flapping up against the floorboard because it had become disengaged from the transmission some way and all of the mechanical damage occurred prior to the fire. This testimony was undisputed.

The evidence demanded a finding that the automobile was not in good mechanical condition at the time of the fire and, therefore, they could not by using the purchase price of the automobile determine the market value of the car at the time of the loss.

There was no other evidence as to market value which would have authorized the verdict.

The evidence demanded a verdict for the defendant, and the court erred in denying the defendant's motion for a judgment notwithstanding the verdict.

Judgment reversed with direction that the court enter a judgment in accordance with the motion.

*Nichols, J., concurs. Quillian, J., concurs in the judgment.*