### 37700. SWEAT *et al. v.* EHRENSPERGER.

QUILLIAN, Judge. 1. On the former appeal of this case (*Sweat v. Ehrensperger,* 97 *Ga. App.* 381, 103 S. E. 2d 60), which grew out of a suit for damages brought by Ed Ehrensperger against Lonnie E. Sweat and R. M. Pearson, Jr., in which Ehrensperger obtained a judgment against Sweat and Pearson in the amount of $300, the defendants obtained a substantial modification of the judgment in that this court ruled that if the plaintiff would write off the sum of $100 the judgment of the trial court would be affirmed, otherwise the judgment would be reversed. On that appeal the defendants made a motion for rehearing, and also on the same date made a motion that this court "tax the costs which have accrued as a result of suing out the writ of error in the instant case and the costs in the appellate court against the defendant in error [the plaintiff]." The motion for rehearing was denied but no mention was made in the opinion of the motion to tax the costs. On April 26, 1958, the trial court entered judgment in the case pursuant to the remittitur from this court, ordering that the plaintiff recover of the defendants the sum of $200 together with interest. On May 7, 1958, the defendants made their motion that the trial court tax the costs of carrying the case from the trial court to the appellate court and the costs in the appellate court against the plaintiff. In response to the motion to tax costs, the plaintiff contended in effect that since no affirmative action had been taken by this court on the defendants' motion to tax costs and that feature of the case had not been presented to the Supreme Court by petition for certiorari, the matter of taxing appellate costs had been finally and irrevocably

adjudicated against the defendants. The defendants' demurrers to the response were overruled and the trial court entered judgment in which it held "that the matter of costs has been decided by the Court of Appeals and is now res adjudicata," and dismissed the motion to tax costs. Error is assigned here on each of these judgments. In *Hartley* v. *Hartley,* 212 *Ga.* 62 (1) (90 S. E. 2d 555), these assignments of error were determined with succinct finality: "With reference to the costs on appeal to this court or the Court of Appeals, it is provided in [Code] § 6-1704 in part: 'If there is a judgment of reversal, the plaintiff in error shall be entitled to a judgment for the amount of such costs against the defendant in error, as soon as the remittitur is returned to the court below.' In the former case, the judgment of the trial court was affirmed in part and reversed in part. It has been many times held by this court that a judgment of reversal is not essential for the recovery of costs by the plaintiff in error; but that, if the plaintiff in error obtains a substantial modification of the judgment complained of, he is entitled to the costs of bringing the case to this court . . . [citing numerous cases]. The trial judge erred in not entering judgment for the costs on appeal against the defendant in error." The foregoing case is on all-fours with, and is decisive of, the present case.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED JULY 9, 1959—REHEARING DENIED JULY 23, 1959.

*Memory, Barnes & Memory, S. F. Memory,* for plaintiffs in error.

*Francis Houston, Lee S. Purdom,* contra.

## ON MOTION FOR REHEARING

We have considered the fact that on the former appearance of the case a motion was made that this court tax the costs of the appeal. This court did not pass upon the motion and hence there was no adjudication of the question as to how the costs should be taxed. Assuming that this court had jurisdiction to tax the costs, the superior court had original and concurrent jurisdiction to pass upon the matter. *Hartley* v. *Hartley,* 212 *Ga.* 62, supra.