## 41776. RICKER v. BRANCALE.

NICHOLS, Presiding Judge. 1. "As against general demurrer, the general allegation of agency of one of the defendants for the other is sufficient." *Williams v. Ballenger,* 87 Ga. App. 255 (2) (73 SE2d 509).

(a) "In an action founded upon negligence, mere general averments of negligence are sufficient against general demurrer. *Hudgins v. Coca-Cola Bottling Co.,* 122 Ga. 695 (50 SE 974)." *Harvey v. Zell,* 87 Ga. App. 280, 284 (73 SE2d 605).

(b) Assuming but not deciding that the plaintiff's petition as originally filed was subject to special demurrer it was not subject to the defendant's general demurrer, and the amendments filed prior to the first judgment on demurrers cured any alleged defects in the original petition.

(c) The second amendment to the plaintiff's petition was not subject to the defendant's renewed and additional demurrers and objections thereto.

2. "Whether, after the plaintiff has closed his case in chief and the defendant has closed its evidence, the plaintiff should be allowed to introduce evidence, not in rebuttal, is a matter in the discretion of the trial court." *Georgia R. & Bkg. Co. v. Churchill,* 113 Ga. 12 (3) (38 SE 336). See also *Autrey v. State,* 23 Ga. App. 763 (99 SE 389), and citations.

3. Mere ownership of property does not authorize the owner to testify as to its value without giving the facts on which he bases his opinion. See *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782). While there were dissents and special concurrences in such case there was no dissent as to this principle of law.

(a) The trial court erred in permitting the plaintiff to testify over objection as to the value of his automobile before and after the collision without testifying as to the facts on which he based such opinion.

4. The evidence adduced demanded a finding for the plaintiff on

the question of liability and the refusal of the trial court to exclude the jury so that the defendant could make a motion for directed verdict for the defendant was not harmful error.

5. Since there was no competent evidence as to the plaintiff's damages, and the trial court erred in admitting the "conclusion" of the plaintiff as to the value of his automobile, the case must be remanded for another trial.

*Remanded for new trial. Hall and Deen, JJ., concur.*

SUBMITTED FEBRUARY 8, 1966—DECIDED APRIL 5, 1966.

*Oze R. Horton,* for appellant.
*Owens & Porter,* for appellee.