## 43047. NAIL v. HIERS.

JORDAN, Presiding Judge. This is an action commenced in the City Court of Ludowici for personal injuries and property damage. An automobile operated by the defendant, Dewey Nail, struck the rear end of an automobile operated by the plaintiff, Robbie Lanier, now Robbie Lanier Hiers, while it was stopped in a line of traffic on a street in Jesup, Ga. The jury returned a verdict for the plaintiff for $12,000, shown to include $2,000 for property damage; judgment was rendered accordingly, and the defendant appeals from the order overruling his motion for new trial. *Held:*

1. The first two enumerated errors concern objections to the proof of property damage based on the testimony of the plaintiff, and as we view these enumerated errors, they raise three questions: Is harmful error shown by the fact that the trial court allowed counsel for the plaintiff to read a paragraph of the petition, showing the basis for the claim for property damage, and then to ask the plaintiff if the statements were true, to which she replied affirmatively, over objection that counsel was leading his witness? Is the testimony of the plaintiff admissible as evidence of market value? If

admissible, will it support a verdict including property damage? Aside from the testimony of the plaintiff affirming her claim as alleged in the petition, that immediately before the collision her automobile, a 1965 Buick Skylark sport coupe, was worth $3,286, and that immediately thereafter it was worth $1,275, entitled her to recover $2,011, it is clear from her other testimony that she bought the automobile as new two days before the collision for $3,286, that at the time of the collision it had a recorded mileage of 104.6 miles, and that after the collision her stepfather solicited bids for it and sold it in its damaged condition. Asked how much he received for it, she said, "I think it was twelve seventy five." She also stated the rear end was crumpled, and that the damaged vehicle could not be driven away from the scene of the collision. Under the circumstances here shown, even if it be conceded that the trial court improperly allowed counsel to lead his witness by reading from the petition, any error in this respect was harmless, for the evidence adduced was merely cumulative and established nothing more than was shown by her other testimony, by which she sought to establish the value of her automobile before the collision as the actual purchase price, and the value after the collision by the actual salvage price, and a claim for the difference. In two recent cases this court reviewed the admissibility of testimony of before and after market value of automobiles damaged in collisions, and recognized the admissibility of opinion evidence of market value by the owner if the witness shows a sufficient foundation for his opinion. *Taber Pontiac, Inc. v. Osborne*, 116 Ga. App. 274 (157 SE2d 33), and *Johnson v. Rooks*, 116 Ga. App. 394 (157 SE2d 527). See *Code* §§ 38-1708, 38-1709. In the *Taber Pontiac* case the plaintiff testified as to the purchase price of $2,300 in May 1966, and as to use and other matters affecting his opinion of its value of $1,900 on July 1, 1966, the date of the collision, and then described the damage which in his opinion reduced the value to $1,200. In the *Johnson* case the plaintiff, in support of his before and after valuations of $1,600 and $800, testified as to his experience in owning automobiles and in repairing automobiles, and described the repairs to the damaged automobile, and the evidence included a picture of the damaged vehicle. Although purchase price alone will not authorize a finding as to market value, this court has also recognized that a jury can determine the market value based on the

purchase price, the recentness of the purchase, and the care given to the automobile between purchase and loss, if no depreciation is shown other than ordinary or average wear and tear. *National Auto. Ins. Co. v. Vaughn*, 98 Ga. App. 446 (106 SE2d 87). The purchase price of an automobile is, however prima facie evidence of its value at the time of purchase, and therefore relevant, although standing alone it is not sufficient as to third parties. *Atlantic C. L. R. Co. v. Clements*, 92 Ga. App. 451, 455 (88 SE2d 809). In the last cited case the court also recognized that a jury is not bound by opinion evidence, and as to everyday objects, such as automobiles, the jurors may draw from their own experience in forming estimates of market value. Also, see *Hoard v. Wiley*, 113 Ga. App. 328 (147 SE2d 782); *Ricker v. Brancale*, 113 Ga. App. 447 (148 SE2d 468). Applying the foregoing rulings to the present case we think that the testimony of the plaintiff as to the purchase price, together with the fact of purchase two days before, and limited use, was clearly admissible and sufficient to enable the jury to determine the value of the automobile before the collision, but we do not regard her testimony of the actual salvage price as admissible or of probative value to establish the market value of the automobile after the collision in the absence of supporting evidence as to the extent of the damage other than the mere statement that the rear end was crumpled and that the automobile could not be driven away. In the cases brought to our attention the evidence of market value after damage has been deemed sufficient only when supported by other evidence of the nature and extent of the damage, such as a picture of the damaged vehicle, the cost and extent of required repairs, or other relevant evidence to provide the jury with some guide as to value, or the extent of the loss. It follows that the verdict and judgment, to the extent it includes any amount for property damage to the automobile, is not supported by the evidence.

2. The remaining three enumerated errors are without merit.

3. The defendant having obtained substantial relief as the appellant in this court, the costs of bringing the appeal to this court are properly taxed against the appellee. *Code* § 6-1704; *Hartley v. Hartley*, 212 Ga. 62 (1) (90 SE2d 555); *King v. King*, 218 Ga. 534, 545 (129 SE2d 147); *Sweat v. Ehren-*

*sperger,* 100 Ga. App. 58 (109 SE2d 889). Also, see *Greer v. Whitley,* 135 Ga. 333 (69 SE 479).

*Judgment affirmed on condition that the plaintiff write off $2,000 as recovery for property damage, otherwise reversed. The costs of bringing the case to this court are taxed against the appellee. Deen and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 12, 1967—DECIDED OCTOBER 2, 1967—REHEARING DENIED OCTOBER 17, 1967.

*Sharpe, Sharpe & Hartley, T. Malone Sharpe,* for appellant.
*Adams & Henry, Q. Robert Henry, Ronald F. Adams,* for appellee.