### 47296. NELSON v. CHEEK et al.

PANNELL, Judge. The plaintiff brought an action in tort against the defendant seeking recovery for personal injuries and for damage to her automobile which occurred

when defendant allegedly backed into plaintiff's lane of travel forcing her to leave the road and overturn in a ravine or ditch with plaintiff's car resting on its top. The evidence as to personal injuries would, as to damage, authorize a finding either that no personal injuries were suffered or that they were. At the conclusion of the evidence defendant made a motion for a directed verdict as to damages to the plaintiff's automobile, which motion was sustained and the jury directed accordingly. The jury found a verdict for the defendant. Plaintiff appealed enumerating as error the direction of the verdict as to damages relating to the automobile. *Held:*

1. There was no direct evidence as to what damage was sustained by the plaintiff's automobile. The evidence shows that it has not been repaired although it was towed from the scene of the wreck at a cost of $22.50 and is now resting in the plaintiff's yard. Plaintiff's husband was qualified as being sufficiently familiar with automobile values to authorize him to give an opinion, and gave his opinion as to the value of the 1965 automobile as being $1,200 immediately before it was wrecked, and $35 immediately after it was wrecked in 1971. He further testified that he was familiar with its condition both before the wreck and after it was wrecked, and testified that he couldn't even sell it, but did not know its salvage value.

In our opinion, though weak, this evidence was sufficient to go to the jury on the question of value of the plaintiff's automobile before and after the occasion in question, from which the jury could determine the loss suffered by plaintiff, insofar as it related to the automobile.

The defendant contends, however, that the case of *Turk v. Jackson Electric Membership Corp.,* 117 Ga. App. 631 (161 SE2d 430) requires an affirmance of the trial judge. In that case a directed verdict as to the damages to plaintiff's automobile was held proper where the only evidence was the plaintiff's testimony of the before and after value of $400 and $250, and the court held

"[p]laintiff gave no reasons on which his opinions of value were based and there was no foundation evidence showing that plaintiff had had an opportunity to form correct opinions," citing *Hoard v. Wiley,* 113 Ga. App. 328, 332 (147 SE2d 782) and *Nail v. Hiers,* 116 Ga. App. 522 (1) (157 SE2d 771). As to the opinion evidence of the plaintiff in *Hoard v. Wiley,* the only evidence as to value given by the plaintiff of the beer involved in that case was that in his opinion it was worth $200, and there was some evidence as to what some of the beer cost when purchased by the plaintiff. In reference to the opinion testimony, the court said (p. 332): "'One need not be an expert or dealer in the article, but may testify as to value, if he has an opportunity for forming a correct opinion.' *Code* § 38-1709. 'Where the question under examination . . . shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor.' *Code* § 38-1708. The plain language of our Code sections (supra) precludes an owner from testifying to the value of his goods in a single or gross amount without 'giving his reasons therefor' or else showing that he has had 'an opportunity for forming a correct opinion.'" In *Nail v. Hiers,* 116 Ga. App. 522 (1), supra, as to the after value, plaintiff had testified as to the actual salvage price basing her opinon thereon. As to this testimony the court said: "but we do not regard her testimony of the actual salvage price as admissible or of probative value to establish the market value of the automobile after the collision in the absence of supporting evidence as to the extent of the damage other than the mere statement that the rear end was crumpled and that the automobile could not be driven away. In the cases brought to our attention the evidence of market value after damage has been deemed sufficient only when supported by other evidence of the nature and extent of the damage, such as a picture of the damaged vehicle, the cost and extent of required repairs, or other relevant evidence to provide the jury with some guide as to value, or the extent of the

loss. It follows that the verdict and judgment, to the extent it includes any amount for property damage to the automobile, is not supported by the evidence." It will be noted in that case that the plaintiff did not qualify as one familiar with automobile values as was true of the husband in the present case, the court merely holding that evidence of actual price paid for salvage was not sufficient to show the after value in the absence of proof of actual damage to the automobile, "or other relevant evidence to provide the jury with some guide as to value, or the extent of the loss." In the present case we have the other relevant evidence to provide the jury with some guide as to the extent of the loss and that is the testimony of the husband, qualified as one competent to express opinions as to the value of automobiles, together with his evidence that he was familiar with this automobile and its condition immediately prior to and immediately after the alleged loss, and *his* opinion *based thereon.* There was no such evidence either in *Nail v. Hiers,* 116 Ga. App. 522 or in *Hoard v. Wiley,* 113 Ga. App. 328 or *Turk v. Jackson Electric Membership Corp.,* 117 Ga. App. 631, all supra. See also discussion of this ruling in *Hoard v. Wiley,* supra, p. 332; *Ricker v. Brancale,* 113 Ga. App. 447 (148 SE2d 468); and *Johnson v. Rooks,* 116 Ga. App. 394, 396 (157 SE2d 527).

2. The defendant also contends the error in directing the verdict if any was harmless as the case comes within the ruling that an instruction, which is erroneous regarding the measure of damages, where the verdict is for the defendant is a harmless error, unless such charge eliminates or restricts the right of the jury to find damages in any amount, relying upon *Greenway v. Griffith,* 225 Ga. 632 (170 SE2d 423); *McLarty v. Shirley,* 122 Ga. App. 786, 788 (178 SE2d 753); *Black v. Aultman,* 120 Ga. App. 826 (6) (172 SE2d 336); *Baldwin Processing Co. v. Ga. Power Co.,* 112 Ga. App. 92 (143 SE2d 761); *McKinney v. Pitts,* 109 Ga. App. 866 (137 SE2d 571); *Carter v. Hutchinson,* 106 Ga. App. 68 (126 SE2d 458); *Milledge v. Boy-*

*ette,* 102 Ga. App. 628 (117 SE2d 643). Our reply as to this contention is (1) that the question here does not relate to an erroneous charge regarding the measure of damages, but relates to the direction of a verdict and (2) the finding for the defendant must be solely on the grounds of tort liability for the rule to apply, and since, after the direction of the verdict as to damages to automobiles, the jury was authorized to find liability on the part of the defendant but no personal injuries to the plaintiff, the rule of harmless error can not be applied. Under these circumstances, we can not say that the direction of the verdict was harmless as to damages to the automobile, it not clearly appearing that the finding for the defendant was based upon a lack of tort liability.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.* SUBMITTED JUNE 6, 1972—DECIDED SEPTEMBER 5, 1972.

*Raymond M. Reed,* for appellant.

*Ingram, Flournoy, Downey & Cleveland, Lynn A. Downey,* for appellees.