54225. SMITH v. GENERAL FINANCE CORPORATION OF GEORGIA.

BELL, Chief Judge.

Plaintiff brought this suit to recover damages for the wrongful repossession of her car by defendant who had financed its purchase for plaintiff. Plaintiff prayed for "$3,500 actual damages, . . ." Defendant answered denying the material allegations of the complaint and counterclaimed for the balance due of $632.24 after repossession and sale of the vehicle under the security agreement and for attorney fees. At the close of plaintiff's

case defendant moved for and was granted a directed verdict as to plaintiff's claim on the ground that there was no competent proof of damages. At the conclusion of defendant's case with regard to its counterclaim, the court granted its motion for a directed verdict. A judgment was entered accordingly. *Held:*

1. The motion for directed verdict with respect to the main claim was based solely on the ground of failure of proof of plaintiff's damages. Therefore, in order to sustain this grant, there must be a complete absence of any competent evidence on this issue. *Development Corp. v. Berndt,* 131 Ga. App. 277 (205 SE2d 868). It is obvious from the transcript that plaintiff's claim for $3,500 actual damages is based wholly on the question of value of the 1972 Cadillac that plaintiff claims was wrongfully repossessed. The plaintiff testified that she paid $10,520 for the vehicle; that she used it to go back and forth to work; that she did not take any trips in it; that at the time of repossession in October 1975 the car was in perfect condition and had a brand new set of tires on it. She then testified in her opinion that when repossessed, the Cadillac was worth $3,500. This was competent evidence of value as the plaintiff stated reasons for the opinion. See Code §§ 38-1708 and 38-1709; *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782); *Taber Pontiac v. Osborne,* 116 Ga. App. 274 (157 SE2d 33). Thus, there was a jury issue presented as to actual damages and it was error to grant defendant's motion for directed verdict as to plaintiff's claim.

2. The evidence as regards defendant's counterclaim is undisputed. It was shown that after repossession and sale of plaintiff's car a balance due in the amount of $632.24 was shown. In arriving at this figure, plaintiff was given credit for $100.58 for refund of credit life and credit accident and sickness insurance premiums which were included in the security agreement. This insurance was canceled by defendant approximately during the 14th month of the 30 month term of the contract. The defendant's employee testified that this insurance premium refund was computed using the sum of the digits method or the Rule of 78's. Using this method, the amount of refund would be less than if the refund of the premiums

were made strictly on a pro rata basis. The manner in which this refund was made is the only issue presented with reference to the judgment granted on defendant's counterclaim. The contract was drawn pursuant to the Motor Vehicle Sales Finance Act. (Code Ann. Ch. 96-10). This statute is silent as to the method of computing a refund of unearned insurance premiums. However, Code Ch. 56-33 is not. Code § 56-3301 provides that the scope of the chapter encompasses all life insurance and all accident and sickness insurance sold in connection with a loan. Hence it will apply to the credit transaction involved here. Code § 56-3308 (3) grants authority to the State Insurance Commissioner to promulgate a refund method where the insurance is canceled prior to the maturity of the indebtedness. Citing this statutory authority, the Insurance Commissioner has prescribed methods for computing refund of premiums on credit life, accident and sickness insurance, viz., "all" unearned premiums "shall be refunded according to Rule 12/78. . ." 2 Rules and Regulations, 120-1-11-.02(4)(a) and 120-1-11-.03(4)(a). Accordingly, no error has been shown and we affirm that part of the judgment which pertains to the counterclaims.

*Judgment affirmed in part and reversed in part. McMurray and Smith, JJ., concur.*

ARGUED JUNE 28, 1977 — DECIDED SEPTEMBER 7, 1977 — REHEARING DENIED OCTOBER 4, 1977 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Joseph H. King, Jr., Kendric E. Smith,* for appellant.
*Lewis N. Jones,* for appellee.
*Kenneth P. McDuffie,* amicus curiae.