for appellees.

### 57721. BURCH et al. v. LAWRENCE.

QUILLIAN, Presiding Judge.

The defendants appeal from a judgment entered on a jury verdict for damages arising out of an automobile collision. *Held:*

1. The plaintiff testified as to the value of her automobile. The defendants contend the admission of this evidence was error because under *Hoard v. Wiley,* 113 Ga. App. 328, 332 (147 SE2d 782), "An owner of property may not testify as to his opinion of the value of the property in a single or gross amount without 'giving his reasons therefor' or else showing that he has had 'an opportunity for forming a correct opinion.' "

Stated conversely, under our statutes an owner is not precluded from offering opinion as to the value of his property if he gives the reasons therefor or shows he had an opportunity for forming a correct opinion. Code §§ 38-1708 and 38-1709. In this case the plaintiff's vehicle was described as a 1968 Buick Skylark convertible; it was in excellent condition; the interior was almost like new; the seat covers were in good shape with not a tear in them. The vehicle had been driven approximately 60,000 miles at the time of the collision. A complete overhaul had been accomplished. The vehicle was described as having a new convertible top, brand new steel belted radial tires, and heavy duty shock absorbers. The brakes and front end had been aligned.

The plaintiff testified on cross examination that the automobile's "Blue Book value that used car dealers go by" was $1,100. No testimony was elicited as to the original cost of the vehicle, nor was it established at what time the plaintiff's type of vehicle was valued at $1,100.

The plaintiff testified that she received $165 as salvage for the vehicle. The rule is that testimony of the actual salvage price is neither admissible nor of probative value to establish the market value of the automobile after the collision in the absence of supporting evidence as

to the extent of damage. *Nail v. Hiers,* 116 Ga. App. 522, 524 (157 SE2d 771); *Nelson v. Cheek,* 127 Ga. App. 31, 32 (192 SE2d 504). Here the vehicle was described as "totaled."

" 'It is no objection to the evidence of a witness testifying as to market value that such evidence rests on hearsay.' " *Dickens v. Adams,* 137 Ga. App. 564, 567 (224 SE2d 468). Accord, *Gibbs v. Clay,* 137 Ga. App. 381, 382 (224 SE2d 46). While the value evidence in this case must be described as skimpy and not in any sense a model to be emulated, we do not find it subject to the objection urged. The witness gave the basis for her opinion which would leave the weight and credibility for the jury. *Central of Ga. R. Co. v. Little,* 126 Ga. App. 502, 506 (6) (191 SE2d 105). See *Taber Pontiac v. Osborne,* 116 Ga. App. 274 (157 SE2d 33); *Smith v. General Finance Corp. of Ga.,* 143 Ga. App. 390, 391 (238 SE2d 694). Only in those situations where the testimony of the witness reveals there was no rational basis or reason for the opinion should the testimony be excluded.

Moreover, there was some evidence from which the jurors might draw from their own experience in forming estimates of market value. *Nail v. Hiers,* 116 Ga. App. 522, 524 (1), supra.

2. The trial judge's instruction to the jury left it for their determination as to who had the right of way and if the proof offered showed the plaintiff was travelling on a through street. The charge was not subject to plaintiff's objection.

3. The remaining enumerations of error are without merit.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED APRIL 5, 1979 — DECIDED JUNE 19, 1979.

*Eva L. Sloan,* for appellants.
*Harris, Watkins, Taylor & Davis, Joseph H. Chambless,* for appellee.