24566.  JONES *et al. v.* KNIGHT MERCANTILE COMPANY.

JENKINS, P. J.   1. While it is true that parol evidence as to all attendant and surrounding facts and circumstances may be admitted to explain ambiguities in a written contract, and while it is also true that, if it appears from the contract itself that it was not intended that the instrument should embrace the entire agreement, parol evidence is admissible to set up collateral agreements not inconsistent with the terms of the writing, still, in order for these principles of law to have application, the instrument relied on must embrace within itself the essential elements of a contract.   In the instant case the mere unsigned slip of paper, although in the handwriting of the president of the plaintiff corporation, containing only the words "Contract price, $2950—J. A. Glass, carpenter, Sam Verner, plumber and elect," wholly failed to disclose the subject-matter of the alleged contract, did not purport to bind any one with reference thereto, and can not be construed as such an instrument as, when aided by parol, would constitute a binding agreement.

2. The instrument · referred to had evidentiary value in tending to corroborate the defendants' contention as to what constituted the terms of the contract actually made.   The judge stated fully and fairly that the contention of the plaintiff was that it had merely sold to the defendants the items of materials sued for upon an account.   He stated with equal fullness and fairness that the contention of the defendants was that the plaintiff had contracted to furnish all of the labor and materials and complete the house in question for the price stated.   Inasmuch as the memorandum did not constitute a contract in writing, either complete or incomplete, he did not err in failing to state the contention, set up in the plea, to the effect that such writing constituted a written offer, accepted by the defendants, so as to make it a binding written instrument.   Nor, in the absence of any proper request so to do, did he err in failing to emphasize or specifically refer to the written slip, which had only evidentiary value.

*Judgment affirmed.   Stephens and Sutton, JJ., concur.*

DECIDED APRIL 3, 1935.

*Finley & Henson,* for plaintiffs in error.
*J. R. Whitaker,* contra.