42941. JOHNSON v. ROOKS.

SUBMITTED JUNE 30, 1967—DECIDED SEPTEMBER 5, 1967—
REHEARING DENIED SEPTEMBER 28, 1967—

*Greer & Murray, Kenneth C. Pollock, Richard G. Greer,* for appellant.

*Grady E. Rozar,* for appellee.

QUILLIAN, Judge. ■ The evidence relating to the first ground was as follows: the plaintiff testified that the damage to the car

was on the left side and that the market value of the car at the time was $1,600; that the make of the automobile was a 1964 Chevrolet which he had owned approximately six months; that the market value after the collision was $800 and the difference in value before and after the collision was $800. On re-direct examination the plaintiff further testified that prior to the accident he had owned, during his life, approximately 25 automobiles and had purchased around 20; that he had repaired automobiles himself, and had repaired the damaged automobile. In this regard he testified it cost him approximately $300 to repair the automobile; that it cost around $150 in labor, plus his own time; that his cousin helped him and that he and his cousin worked approximately 60 hours for which he paid his cousin $150; that he got the automobile parts from General Motors. On re-cross examination, the plaintiff admitted he had no receipt for the money he gave his cousin or for the parts from General Motors. A picture of the damaged automobile was introduced into evidence.

The appellant contends that the testimony as to value was inadmissible because a proper foundation had not been laid. Thus, under the rulings of *Hoard v. Wiley*, 113 Ga. App. 328 (147 SE2d 782), and *Ricker v. Brancale*, 113 Ga. App. 447 (148 SE2d 468), in order for a witness to give his opinion as to value, he must give his reasons for forming that opinion or show he had an opportunity to form a correct opinion.

We recognize the rule of the cited cases, to wit: that mere ownership of property does not authorize the owner to testify as to its value without giving facts on which he bases his opinion. However, as pointed out in the *Hoard* case, supra, a showing that the witness had some knowledge, experience, or familiarity as to the value of the item is the requisite foundation.

This court has held that testimony of a witness that he is familiar with the value of the item in question is sufficient foundation to allow evidence as to the value. *Wilson v. City of Bainbridge*, 29 Ga. App. 692, 693 (2) (116 SE 543); *McCoy v. City of Atlanta*, 96 Ga. App. 392, 395 (100 SE2d 96). Georgia law permits testimony as to value whenever the witness gives his reasons therefor or shows he has an opportunity for forming a

correct opinion. *Code* §§ 38-1708, 38-1709. We can not hold as a matter of law that the evidence offered to support the witness's opinion was insufficient to allow the value testimony to go to the jury. See in this connection *Atlantic C. L. R. Co. v. Clements*, 92 Ga. App. 451, 455 (88 SE2d 809), where this court found sufficient evidence to support a charge regarding recovery of damages for an automobile from, among others, the following facts: testimony as to purchase price, plus the make, model, length of ownership and amount of use of the automobile and a picture of the vehicle. See also *Grant v. Dannalls*, 87 Ga. App. 389 (74 SE2d 119), where the plaintiff testified that he had done repair work on automobiles and the Court of Appeals held that his opinion testimony as to value was sufficient to support a verdict. While this case cited *Warren v. State*, 76 Ga. App. 243 (45 SE2d 726) (which was overruled in *Hoard*), it was not expressly overruled in the *Hoard* case and was cited subsequently with approval by Presiding Judge Bell, the author of the *Hoard* decision. See *Ga. Power Co. v. Harwell*, 113 Ga. App. 653, 654 (149 SE2d 376).

Accordingly, since the evidence adduced tended to show the witness's familiarity as to value of the automobile in question, the trial judge did not err in overruling the motion to strike.

■ The defendant urges: that evidence as to doctor's bills incurred by the plaintiff was inadmissible because nowhere in the doctor's testimony did he identify the bill, introduced as an exhibit, as a reasonable and necessary medical expense arising out of the particular injury; that the exhibit was mere hearsay and inadmissible under the ruling of *Taylor v. Associated Cab Co.*, 110 Ga. App. 616 (139 SE2d 519).

In the *Taylor* case, supra, no medical testimony as to expenses was offered and the court predicated its holding on the basis of the plaintiff's failure to call the doctors as witnesses, which raised the presumption that their testimony would have been unfavorable. *Code* § 38-119. In *Limbert v. Bishop*, 96 Ga. App. 652, 656 (101 SE2d 148), this court held: " 'In a suit for a personal injury, where the nature and extent of the injury, the character of the treatment administered, the services rendered by physicians, and the amount paid therefor were fully proved, a charge to the

effect that the plaintiff, if entitled to recover, would be entitled to recover such reasonable amount of physicians' bills and necessary expenses incurred in consequence of the injury as might have been proved to the satisfaction of the jury, was not without evidence to support it, although no witness expressed the opinion that the charges were reasonable.' *Georgia R. &c. Co. v. Tompkins,* 138 Ga. 596 (8) (75 SE 664)." As was there pointed out, the defendant, if he so desired, could have cross examined the witnesses as to the reasonableness of such medical expenses. Thus, the evidence here offered was not hearsay and was admissible for the jury's consideration. It is the province of the jury to consider the evidence as to the nature of the services and to determine whether the amount was reasonable. *Georgia R. &c. Co. v. Tompkins,* 138 Ga. 596, 603, supra.

Furthermore, at the time this evidence was offered counsel for the defendant stated: "I don't have any objections to it, Your Honor." Under these circumstances, the trial judge did not err in overruling the motion to strike the evidence as to medical expenses.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*