## 50362. CLARK v. PECK.

QUILLIAN, Judge.

Plaintiff sued for the balance due on the construction of a house. Defendant counterclaimed saying the construction of the house was done in a negligent manner and he was entitled to a sum for overpayment and damages. Plaintiff testified that he contracted in writing with defendant to build a house on top of a finished basement but was provided neither blueprints nor specifications, just a sketch of the floor plan. Plaintiff introduced a document titled "Contract" which consisted of six lines and a list of "items included in contract" such as " . . . 1/2" . . . plywood . . . 1/2" sheetrock . . . gas heat and appliances . . . two coats of paint inside and out . . . birch cabinets in kitchen . . ." and "allowances" for light fixtures, carpet, linoleum, paneling, wallpaper, appliances and concrete. In pertinent part, this contract stated: "Contractor has agreed to build a dwelling house for Richard Peck. The said contract amounts to the sum of $23,600.00. Under said contract, Charlie Clark will furnish all labor and materials for said building." Plaintiff — through examination of defendant, showed that defendant had provided plaintiff with a hand-drawn sketch of the floor-plan for the house, and had him identify a blueprint for the house which defendant testified had been provided the plaintiff. Thereafter plaintiff testified that he had never seen the blueprint, " . . . just a white piece of paper." Plaintiff also testified that defendant's wife advised him where to place electrical outlets, doors, cabinets and pantry and that he talked to the defendant about the air conditioner and they agreed on one "equal to

four ton." The trial court gave judgment for the defendant in the amount of $5,000 and plaintiff appeals. *Held:*

1. Plaintiff contends that the verdict is contrary to law and entirely without evidence to support it because the defendant provided no legally admissible evidence to provide the jury with facts or figures to ascertain the measure of damages. We disagree. Defendant testified he was "a road construction operator" and had "developed all around" and was "familiar with general market value of houses . . ." He listed what he considered to be defects in construction of the house and the amount it would take to correct the deficiencies and bring the condition of the house up to the agreed-upon contract price. We find no abuse of discretion by the trial judge in permitting the defendant owner of the house to state his opinion as to current value of his house and the amount necessary to correct deficiencies in its construction by the plaintiff, where the witness stated his qualifications, his opportunity to form an opinion, the facts upon which his opinion was based, and included his reasons therefor. *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782); Code §§ 38-1708 and 38-1709. Lack of higher qualifications of the witness would go to the weight to be accorded the witness' opinion but would not affect admissibility. The jury apparently accepted defendant's credentials and his testimony that the house in its present condition was worth $18,600 and awarded him $5,000 — the difference between the current value and the contract price of $23,600. However, as defendant had paid only $21,900 of the total contract price the award would be excessive in the amount of $1,700 — except that defendant testified it would cost $7,000 to correct defects in the house and bring the value of the house up to the contract price of $23,600. Thus, the jury awarded $5,000 plus extinguishment of $1,700 remaining due on the original contract — a total of $6,700, but within the $7,000 claimed by defendant.

2. Plaintiff contends defendant's exhibit number one, Federal Land Bank specifications for a house — signed by defendant and a person from the bank, was inadmissible. We do not agree. It is obvious from a review of the "contract" that it did not contain the complete agreement between these parties. There is no reference

within the contract to plans or specifications, the size of the house, the number of rooms, appliances to be included, or location of doors, windows, electrical outlets, closets, carport, driveway or patio. Plaintiff was the first party to go outside the written contract and show that the written contract did not represent the complete agreement by showing that a hand-drawn sketch of the house plan was used, that oral agreements between the parties were reached on size of an air conditioner, location of electrical outlets, doors, cabinets and a pantry. On this latter item, we will note in passing that plaintiff responded to the question: "Q. Did she [defendant's wife] tell you and work with you about the places for the . . . Q. Pantry? A. Pantry, she picked everything." However, on cross examination plaintiff responded to the question: "Q. All right, what about the pantry, what happened to that? A. She didn't want it?" These answers appear to be inconsistent but they explain why the house had no pantry. The housewife didn't want one. Plaintiff received payment for his work on defendant's house from the Federal Land Bank and was aware that his work was to be inspected by them and was inspected by them. He also admitted that the blueprint prepared by the Federal Land Bank, which he never saw, "basically" represented the plan for defendant's house "[e]xcept where she [defendant's wife] made the changes." Defendant testified that he gave a copy of defendant's exhibit one, the house specifications from the Federal Land Bank, to the plaintiff and "he [the plaintiff] said there would be no problem he had dealt with them before." Parol evidence is inadmissible to add to, take from, or vary a written contract, but where it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible. Code § 20-704 (1). In the instant case the plaintiff was the first to show that the written "contract" did not constitute the whole contract and that a sketch and oral agreements existed outside the written document. The trial court did not err in permitting defendant to introduce defendant's exhibit one, the specifications which purportedly had been given to the plaintiff at a time reasonably contemporaneous with the execution of the written contract, which referred to the same house, and provided a

missing portion of an obviously incomplete contract. See *Bailey v. Martin,* 101 Ga. App. 63 (112 SE2d 807); *Jones v. Knight Mercantile Co.,* 51 Ga. App. 57 (1) (179 SE 569); Code §§ 38-502 and 38-504.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED MARCH 11, 1975 — DECIDED MAY 21, 1975.

*Smith & Allgood, Douglas E. Smith,* for appellant.
*Robert E. Andrews,* for appellee.