### 71079. DIXON et al. v. WILLIAMS.
(340 SE2d 286)

BEASLEY, Judge.

Williams filed suit against appellants mother and daughter seeking recovery against them, jointly and severally, for $3,161.60 damages sustained to his automobile as a result of a collision which he alleged was proximately caused by the daughter's negligent operation of her mother's automobile. Both defendants denied the allegations of negligence and the mother filed an amended counterclaim against Williams claiming he negligently operated his vehicle and seeking damages from him. A jury trial resulted in a verdict of $3,161.60 for Williams. Judgment was entered accordingly.

The defendants moved for judgment notwithstanding the verdict and alternatively for a new trial, urging that the plaintiff had failed to provide the jury with the proper foundation and information on which to base a verdict. The trial court denied both forms of relief finding that the verdict was based upon sufficient foundation and information. The sole contention on appeal is that plaintiff failed to carry his burden at trial to properly prove damages.

During the trial Williams testified that after the collision occurred his car was inoperative, that a wrecker came to remove the vehicle, that the car was taken to a body shop, that immediately prior to the accident there was no body damage to the car, and that at the time of the accident the car had been driven approximately twenty-two thousand miles and that it was in "mint" shape. He also testified that he purchased the car new in March of 1982 for almost $8,000, that he had owned about seven cars, that he was relatively familiar with the value of different cars, and that it was his opinion that immediately prior to the accident on July 22, 1983, his car was worth at least $5,000. In addition, two photographs of Williams' car which were taken at the body shop were introduced following his testimony that the pictures accurately and truly reflected the condition of his car immediately after the accident and that the photos showed the extensive front end damage to the car. Lastly, Williams told the jury that it cost him $3,161.60 to have his car repaired by the body shop to which his car had been towed, and that he permitted the body shop to do the repair because the car had been towed there and because someone

at the shop assured him that the car could be put "back together like new again."

Appellants maintain that the plaintiff fell short by failing to show the reasonable value of labor and material in the repair of the car, by failing to show that repairs made were necessary and proper repairs and that they were a direct and proximate result of the collision, and by failing to lay a foundation for his opinion evidence as to the value of the car prior to the accident for the purpose of showing that the alleged repairs were less than the value of the car before the collision.[1]

"There are two ways to prove damages to a motor vehicle caused by a collision: (1) By showing the difference between the fair market value of the vehicle before and after the collision; and (2) Proof of necessary repairs that are the direct and proximate result of the collision and which represent the reasonable value of labor and material used for the repairs. However, this is subject to the proviso that the aggregate of the repair costs, together with hire on the vehicle while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the market value of the car before the damage with interest. [Cits.]" *Tapes & Things v. Evans*, 133 Ga. App. 705 (212 SE2d 31) (1975); Accord *Perma Ad Ideas of America v. Mayville*, 158 Ga. App. 707 (282 SE2d 128) (1981). That is, property damage such as in the present case may be proved in accordance with the "proof of necessary repairs" rule as an alternative to proof establishing the difference in the value of the property before the injury and afterwards. See *Brown Transport Corp. v. Gunnell*, 167 Ga. App. 833, 836 (2) (307 SE2d 727) (1983).

Although it is clear from the transcript that Williams failed to give any express evidence that the cost of the labor and materials used in the repairs was their reasonable value, this failure is not fatally defective. "In a suit for damage to an automobile, where proof was submitted as to the nature and extent of the damage and the sum paid out for repairs, the verdict in favor of the plaintiff [is] not without evidence to support it, merely because the witness omitted to say that he thought the amount paid out for repairing the car was the reasonable cost thereof. . . . While proof of what was paid to an automobile mechanic for repairing a car is not a criterion of the value of such services, yet the evidence is admissible as a circumstance to as-

---

[1] Although these four points were stated near the beginning of the argument, they were thereafter presented in disorganized fashion making it necessary to reconstruct the order so that the argument relating to each point could be identified and understood. This time-consuming chore should not be imposed on the court and is in violation of Court of Appeals Rule 15. As we have said before, the court should not have to "search for the treasures when the parties know where they are hidden." See *Deering v. State*, 168 Ga. App. 835 (310 SE2d 720) (1983); *DeGracia v. Huntingdon Assoc.*, 176 Ga. App. 495 (336 SE2d 602) (1985); see generally *Dugger v. Danello*, 175 Ga. App. 618, 620 (2) (334 SE2d 3) (1985).

certain that value [cit.], and where there is no evidence tending to show that the sum paid for repairs was not a reasonable one, a verdict for the plaintiff is not, as to that feature of the case, without evidence to support it." *Southeastern Express Co. v. Chambers*, 33 Ga. App. 44 (1) (125 SE 507) (1924); Accord *Cunningham v. Hodges*, 150 Ga. App. 827, 828, 829 (4) (258 SE2d 631) (1979). Here, there was no evidence that the actual cost of repair was unreasonable.

It is also clear that Williams provided the jury with information to show that the necessary and proper repairs were a direct and proximate result of the collision, for he plainly stated that the car was in *mint condition* prior to the collision, that by virtue of the mishap the car was rendered *inoperative* and had to be towed to the body shop where the car remained after he was assured that it could be restored to its pre-accident state. Therefore, the jury could infer that necessary and proper repair included both mechanical and cosmetic work which would include any and all such repair to get the car back to its pre-collision condition. Williams need not have provided the jury with a detailed list of each nut and bolt required to accomplish the goal of repair. Williams testified, and opportunity was given for cross-examination, about the nature and extent of the damage to his car. What is more, he furnished the jury with a visual display of the damages. There was no evidence whatsoever that repair was made to damage or malfunction not resulting from the collision, and the jury could infer from all the evidence, that all that was done had been proximately caused by the collision.

Lastly, Williams adequately established for jury consideration the final hurdle under the "proof of necessary repairs" alternative in that he laid a foundation for his opinion evidence as to the value of his car prior to the subject collision for the purpose of demonstrating that the repairs to the car were less than the value of the auto before the collision. OCGA § 24-9-66. "The owner of property is considered to be qualified to state his opinion as to value. [Cits.] 'Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property . . . or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.' [Cit.]" *Maddox v. State*, 157 Ga. App. 696, 697 (278 SE2d 480) (1981). The elements for establishing a proper foundation for Williams' opinion that his car was worth at least $5,000 immediately prior to the accident were present here. He established that he was certainly familiar with his own auto and was familiar with other cars by virtue of his having owned a considerable number of them. He laid a factual basis for his opinion of the value of the car when he provided the date and purchase price, the condition of the car at

purchase, and the physical condition of the auto, including mileage, immediately prior to the collision. The composite of these facts adequately established a foundation for his opinion. The weight to be given his opinion of value was a matter for the jury. See, e.g., *Gibbs v. Clay*, 137 Ga. App. 381 (224 SE2d 46) (1976); *Clark v. Peck*, 134 Ga. App. 868, 869 (1) (216 SE2d 687) (1975). "Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise [its] own knowledge and ideas." *Toney v. Johns*, 153 Ga. App. 880, 882 (267 SE2d 298) (1980).

The jury had foundation to render its judgment here.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 7, 1986.

*David M. Wolfson*, for appellants.
*Gary L. Moser*, for appellee.