A89A2297. WHITE v. MILLER.
(392 SE2d 30)

POPE, Judge.
Plaintiff Carter Van White sued defendant Glenda Miller for property damage to his 1978 Ford automobile sustained in an automobile collision. Testimony showed that the car was a total loss. Evidence was presented from which the jury could have found the defendant to be liable for plaintiff's damages. However, the trial court granted a directed verdict to defendant on the ground that plaintiff failed to present sufficient evidence for the jury to determine an award of damages.

1. We hold the trial court did not err in striking the testimony of an adjuster for plaintiff's automobile insurance company as to the book value of the car. The witness testified he did not inspect the car but relied on notations made by one who did. The witness testified as to the book value of the make and model of the automobile but offered no foundation for his assumption that the particular automobile in question should be valued at the book value. The owner subsequently testified that the car was in excellent condition but the adjuster did not indicate what assumption or knowledge of condition he used in arriving at the conclusion that the car was valued at a certain book value. "It is difficult to lay down any exact rule in respect to the amount of knowledge a witness must possess, and the determination of this matter rests largely in the discretion of the trial judge. In view

of the testimony of the witness as a whole, it cannot be said as a matter of law that the trial judge manifestly abused his discretion in excluding this testimony." (Citations and punctuation omitted.) *Williams v. Colonial Pipeline Co.*, 110 Ga. App. 824, 826 (140 SE2d 150) (1964).

2. Neither did the trial court err in refusing to allow the plaintiff to testify as to his opinion of the value of the automobile. "One need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion." OCGA § 24-9-66. However, "mere ownership of property does not authorize the owner to testify as to its value without giving facts on which he bases his opinion. However, . . . a showing that the witness had some knowledge, experience, or familiarity as to the value of the item is the requisite foundation." *Johnson v. Rooks*, 116 Ga. App. 394, 396 (157 SE2d 527) (1967). Here the plaintiff did not demonstrate any foundation of knowledge, experience or familiarity on which an opinion of value could properly be based. Cf. *Ricker v. Hopkins Chevrolet*, 147 Ga. App. 358 (248 SE2d 720) (1978).

3. The plaintiff did testify, however, as to the car's purchase price, its age at the time of purchase, the length of time he had owned the car, its mileage, a description of the equipment on the car and its condition. "[A]s to everyday objects, such as automobiles, [the jurors] may draw from their own experience in forming estimates of market value." *Atlantic Coast Line R. Co. v. Clements*, 92 Ga. App. 451, 455 (88 SE2d 809) (1955). As to items of a common nature, the plaintiff need not offer any opinion evidence as to value and so long as the evidence contains facts upon which the jury may legitimately exercise their own knowledge and ideas, the question of value is properly left to the jury. *Atlanta Commercial Bldrs. v. Polinsky*, 148 Ga. App. 181 (1) (250 SE2d 781) (1978). Thus, we hold the trial court erred in not allowing the question of damages to go to the jury.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1990.

*Murray, Donovan & Nabors, Donald R. Donovan*, for appellant. *Jack F. Witcher*, for appellee.