A04A2326. FICKLIN v. HYUNDAI MOTOR AMERICA, INC.
(611 SE2d 732)

MIKELL, Judge.

Reginald Ficklin appeals from the trial court's order granting summary judgment to Hyundai Motor America, Inc. ("Hyundai"), on his complaint that Hyundai breached implied and express warranties when it sold him a new 2001 Hyundai Sonata. Ficklin contends the trial court erred by: (1) allowing Hyundai to submit a late affidavit in support of its motion for summary judgment; and (2) finding that he failed to submit competent, admissible evidence of actual damages. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). Viewed in this light, the record shows that Ficklin purchased a new 2001 Hyundai Sonata on April 21, 2001. He received a manufacturer's bumper-to-bumper warranty for the first 36 months or 36,000 miles. On October 8, 2001, he brought the car to the dealer because the driver's side power window was stuck, a "check engine" light was on, and the car rattled while at idle. The car had 6,456 miles at this time and the dealer repaired the car. On November 23, 2001, Ficklin brought the car to the dealer again because of a "check engine" light. The car had 8,276 miles on it and the dealer made a different repair.

Almost seven months later, on June 10, 2002, Ficklin brought the car to the dealer because it was leaking fluid, the air conditioning was not working, and the side air bag warning light was on. He returned the car again on July 12, 2002, because the car would not start. The dealer replaced the battery. The car had 21,768 miles on it at that time. Almost a year later, Ficklin brought the car to the dealer because the same power window was stuck again. The car had 42,197 miles on it and the dealer made the same repair it had made before.

After this repair, Ficklin traded his car in for another vehicle because he had lost confidence in it. He hired an attorney and sued Hyundai for breach of implied and express warranties. After conducting discovery, Hyundai moved for summary judgment on the issue of damages because Ficklin received full market value for his car when he traded it for another. Ficklin submitted an affidavit in opposition to the motion which stated:

> On the day that I purchased the vehicle, I had no idea of the extensive problems that were inherent in my vehicle. Although the non-conformities manifested only months after I purchased the vehicle, I brought the vehicle to the dealership, as this is what the warranty directs me to do. . . .
>
> Because of its problems and non-conformities, the vehicle has not met with my reasonable expectations as a consumer. I did not get what I paid for. . . .
>
> Because of the extensive problems in my car, I feel that I overpaid for it on April 21, 2001. . . .

I am familiar with purchasing vehicles. I have purchased approximately five vehicles in my lifetime, both new and used. I am familiar with cars and what they cost to buy. . . .

Prior to purchasing the Sonata, I researched the car market to see how much cars were going for at that time. I also looked at other makes of cars, including Hondas and Toyotas. . . .

Prior to purchasing any of the vehicles that I have owned, I researched the car market and utilized resources such as Kelley's Blue Book and Edmund's. . . .

Each time I drove the car, I was aggravated by the defects. Each time I had to take the vehicle to the dealership, I was aggravated by the time I lost, in addition to the fact that there was nothing they could or would do to repair my vehicle. . . .

Had I known about the defects and non-conformities in this vehicle, I would not have paid more than $13,000 for it on April 21, 2001.

The trial court found that this affidavit was insufficient to support Ficklin's claim for damages and granted summary judgment to Hyundai.

1. Ficklin argues the trial court abused its discretion by failing to strike an expert affidavit Hyundai filed two days before the oral argument to support its motion for summary judgment. The record shows, however, that the trial court offered a continuance to Ficklin, which Ficklin declined, before denying the motion to strike the affidavit.

"OCGA § 9-11-56 (c) requires that only supporting material which is 'on file' at least 30 days before the hearing shall be considered for the movant." (Citations and footnotes omitted.) *Fulmore v. CSX Transp.*, 252 Ga. App. 884, 896 (2) (557 SE2d 64) (2001). This requirement can be waived, however, if the nonmoving party declines a trial court's offer of a continuance. *Southern Trust Ins. Co. v. Ga. Farm &c. Ins. Co.*, 194 Ga. App. 751, 753 (1) (391 SE2d 793) (1990). See also *Fulmore*, supra. As Ficklin waived the 30-day requirement, the trial court did not err by denying the motion to strike.

2. In his remaining enumeration of error, Ficklin asserts the trial court erred because he produced, through his affidavit, admissible evidence of actual damages sufficient to preclude summary judgment.

OCGA § 11-2-714 (2) provides:

> The measure of damages for breach of warranty is the difference *at the time and place of acceptance* between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

(Emphasis supplied.) Evidence that the goods were defective cannot alone establish the value of the goods as accepted. *Dixon Dairy Farms v. Conagra Feed Co.*, 245 Ga. App. 836, 838 (538 SE2d 897) (2000). The plaintiff must "produce evidence which would furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages. It cannot be left to speculation, conjecture and guesswork." (Citation and punctuation omitted.) *Williams v. Dienes Apparatus*, 200 Ga. App. 205, 207 (2) (a) (407 SE2d 408) (1991).

Recently, in *Monroe v. Hyundai Motor America*, 270 Ga. App. 477 (606 SE2d 894) (2004), also a breach of warranty action, we decided that an identical affidavit was insufficient to support a claim for damages because the evidence contained therein was not competent evidence of the value of the car as accepted. Id. at 478-479. Similarly here, Ficklin's affidavit is not competent evidence of the value of the car as accepted.

> The admission of evidence lies within the sound discretion of the trial court. And it is well established that the question of whether a witness has established sufficient opportunity for forming a correct opinion, and a proper basis for expressing his opinion, is for the trial court. Absent an abuse of discretion, the trial court's decision will not be disturbed.

(Citations and punctuation omitted.) Id. at 479. We find no abuse of discretion in this case. The trial court properly ruled that Ficklin failed to submit competent evidence of his damages, and we affirm the grant of summary judgment to Hyundai.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MARCH 8, 2005.

*Krohn & Moss, Amy M. Budow, Shireen Hormozdi*, for appellant.
*McKenna, Long & Aldridge, Jill C. Kuhn, Charles K. Reed*, for appellee.