A05A0114. HILL et al. v. MERCEDES-BENZ USA, LLC.
(619 SE2d 353)

BERNES, Judge.

This appeal arises from a warranty action commenced by Cheryl and Edna Hill against Mercedes-Benz USA, LLC ("MBUSA") relating to their purchase of a new 2001 Mercedes-Benz SLK 230 roadster. The trial court entered a comprehensive order granting summary judgment to MBUSA on all counts of the Hills' complaint. The Hills now appeal from certain portions of that order, contending that the trial court erred in ruling that there was insufficient evidence as a matter of law to support their claims for breach of express and implied warranties, and in ruling that they failed to provide competent evidence of damages relating to the diminished value of the vehicle.

---

Because we conclude that the Hills failed to present competent evidence of damages, we affirm.[1]

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

So viewed, the record shows that on or about June 15, 2000, the Hills[2] purchased the complained-of vehicle from Carriage House Imports, Inc., an authorized MBUSA dealership, for $47,000. The vehicle came with a manufacturer's limited warranty which, in pertinent part, provided that "[a]ny authorized Mercedes-Benz Center will make any repairs or replacements necessary, to correct defects in material or workmanship." The repair record tendered by the Hills indicates that they began experiencing various problems with the car shortly after its purchase. As a result of these problems, the Hills made twenty-two trips to the dealership for repairs over a three-year period.

The Hills commenced this suit on July 28, 2003, nearly one month after Cheryl Hill last took the vehicle to the dealership for repairs. Their two-count complaint alleged MBUSA breached its written and implied warranties under Georgia law and the Warranty Act. The complaint alleged that MBUSA breached the written warranty by failing to repair the vehicle pursuant to the warranty's "repair or replace clause" and breached the implied warranty of merchantability by selling a vehicle that was defective at the time of purchase.

Following the close of discovery, MBUSA moved for summary judgment, which the trial court subsequently granted. The trial court ruled that the Hills had failed to produce evidence sufficient to create a genuine issue of material fact as to whether there was a failure to repair the vehicle pursuant to the terms of the limited warranty, and whether the vehicle was defective at the time of purchase. Accordingly, the trial court dismissed the Hills' claims for breach of express and implied warranties. As an alternative ground for entering summary judgment, the trial court ruled that the Hills had failed to provide competent evidence of damages.

---

[1] The Hills do not contest the trial court's denial of their prayer for revocation of acceptance pursuant to OCGA §§ 11-2-608, 11-2-719 (2), and the Magnuson-Moss Warranty Act ("Warranty Act"), and the denial of their prayer for incidental and consequential damages. Nor do the Hills contest the trial court's ruling that the Warranty Act has no substantive application here unless or until they succeed on their state law claims for breach of warranty. Accordingly, these uncontested portions of the trial court's order remain intact.

[2] The appellants, a mother and daughter, are co-owners of the complained-of vehicle.

1. The Hills contend that the trial court erred in granting summary judgment to MBUSA because they presented competent evidence of the damages they incurred as a result of the alleged warranty violations. We disagree.

> The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

OCGA § 11-2-714 (2). Thus, in order to create a genuine issue of fact over damages, the Hills were required to come forward with competent evidence of two separate values: (1) the value of the vehicle in its defective condition as accepted, and (2) the value of the vehicle if it had been in a nondefective condition as warranted. See *Monroe v. Hyundai Motor America*, 270 Ga. App. 477, 478 (606 SE2d 894) (2004).

The trial court concluded that the Hills did not come forward with competent evidence of the value of the vehicle in its defective condition as accepted.[3] Specifically, the trial court concluded that Cheryl Hill's affidavit expressing her lay opinion as to the diminished value of the vehicle was insufficient because it lacked a proper foundation.

> [O]pinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.

*Monroe*, 270 Ga. App. at 478. By way of affidavit, Cheryl Hill testified in pertinent part that she was familiar with vehicles, with purchasing vehicles, and "what [vehicles] cost to buy"; that she had purchased three other vehicles and had researched the market and internet on vehicle prices when making these prior purchases; that prior to purchasing the Mercedes-Benz SLK 230, she had researched the market and internet on Mercedes-Benz cars and also compared pricing of the Mercedes-Benz SLK 230 at several area Mercedes-Benz

---

[3] The Hills presented evidence that they paid $47,000 for the vehicle. Evidence of the purchase price served as "some" competent evidence of the fair market value of the vehicle had it been sold to the Hills in a nondefective condition as warranted. See *Monroe*, 270 Ga. App. at 478.

dealerships. Hill also testified to her knowledge and familiarity with the vehicle she purchased and its alleged defects. Finally, Hill testified that "[h]ad [she] known about the defects and nonconformities in this vehicle, [she] would not have paid more than $10,000.00 for it" on the date of purchase.

Significantly, two recent decisions by this Court held that similarly worded affidavits submitted by car owners lacked a proper foundation and did not provide competent evidence of the value of the vehicle in its defective condition. See *Ficklin v. Hyundai Motor America*, 272 Ga. App. 61, 63-64 (2) (611 SE2d 732) (2005); *Monroe*, 270 Ga. App. at 477-480. As was true with the car owners in *Ficklin* and *Monroe*, Hill failed to "testify that *any* of [her] past vehicle purchases included a purchase of a vehicle with the purported defects" at issue in this litigation. (Punctuation omitted; emphasis in original.) *Monroe*, 270 Ga. App. at 479.[4] As in those two cases, Hill's affidavit at best "addresses the usefulness of the vehicle to [her] rather than its fair market value." (Punctuation omitted.) Id. Thus, *Ficklin* and *Monroe* control the outcome in this case and require us to affirm the trial court's ruling on damages.

Unlike in cases where we have held that a plaintiff's opinion testimony concerning damages was competent, Hill did not have any specialized knowledge concerning car repair or how to build cars,[5] and she did not have specialized knowledge concerning a highly unique submarket, such as the one that exists for the sale, repair, and upkeep of classic antique cars. Compare *Long v. Marion*, 182 Ga. App. 361, 364-365 (4) (355 SE2d 711) (1987). Nor is this a case where the plaintiff's lay testimony was predicated on or supported by objective information on vehicles found in published valuation guides, such as the "Blue Book." Compare *Canal Ins. Co. v. Savannah Bank & Trust Co.*, 181 Ga. App. 520, 522 (3) (352 SE2d 835) (1987); *Burch v. Lawrence*, 150 Ga. App. 351 (258 SE2d 35) (1979).[6]

---

[4] See also *Fedrick v. Mercedes-Benz USA, LLC*, 366 FSupp.2d 1190, 1202 (N.D. Ga. 2005) (holding in case with similar affidavit that plaintiff's opinion testimony was insufficient to establish value of car in defective condition because plaintiff "does not have any training or experience in car valuations, demonstrates no knowledge of or familiarity with the factors that impact car value, and failed to provide any information or analysis showing she had experience valuing cars with the kind of defects she alleges here or otherwise researched the effect of such defects on car values").

[5] Compare *4WD Parts Center v. Mackendrick*, 260 Ga. App. 340, 343 (579 SE2d 772) (2003); *Johnson v. Rooks*, 116 Ga. App. 394, 396-397 (1) (157 SE2d 527) (1967).

[6] The Hills also cite *Ricker v. Hopkins Chevrolet*, 147 Ga. App. 358 (248 SE2d 720) (1978) in support of their position that Cheryl Hill's lay opinion testimony should have been deemed competent. In that case, the car owner testified that the fair market value of the vehicle was its purchase price. Id. at 360. When read in context, the car owner's testimony to which the defense objected clearly went to the value of the car *had it been in a nondefective condition as warranted*, and the objection posed by the defense was that such testimony was inadmissible because the

The Hills cite to *White v. Miller*, 194 Ga. App. 816 (392 SE2d 30) (1990), and *Rebel Mobile Homes v. Smith*, 137 Ga. App. 496 (224 SE2d 483) (1976), and contend that even without Cheryl Hill's lay opinion testimony concerning the value of the vehicle, the fair market value of the vehicle in its defective condition as accepted could be independently proven by the repair history contained in the record. However, neither *White* nor *Rebel Mobile Homes* addresses that specific question. Moreover, few, if any, of the repair records tendered in this case reflect costs incurred by the Hills.[7] Compare *Morrison Homes of Florida v. Wade*, 266 Ga. App. 598 (598 SE2d 358) (2004) (evidence of costs to repair defects could serve as competent evidence of diminished value).[8] Thus, a "jury [would be] incapable of computing the amount of damage suffered by [the Hills] without speculating." *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113, 116 (4) (363 SE2d 312) (1987).

Cheryl Hill provided an insufficient foundation for her opinion concerning the diminished value of her vehicle, and, therefore, the trial court did not err in concluding that the Hills failed to come forward with competent evidence of damages. See OCGA § 9-11-56 (e) (requiring that affidavits submitted on summary judgment "show affirmatively that the affiant is competent to testify to the matters stated therein"). Accordingly, the trial court properly granted summary judgment to MBUSA on the Hills' warranty claims.

2. In light of our disposition of Division 1, we need not address the Hills' remaining claims of error.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JULY 29, 2005.

*Krohn & Moss, Amy M. Budow, Eric S. Fortas*, for appellants.
*McKenna, Long & Aldridge, Jonathan R. Friedman*, for appellee.

---

vehicle at issue "was so unique that its value could be established only through expert testimony." Id. at 361. Thus, the car owner's testimony, which this Court held was admissible, was consistent with a series of cases stating that the purchase price of a vehicle serves as competent "evidence of the value the car would have had if it had been as warranted." (Citation omitted.) *Monroe*, 270 Ga. App. at 478. In contrast, the issue in the present case is whether Hill's testimony was competent to show the value of the vehicle *in its defective condition* as accepted.

[7] Most of the repair invoices in the record indicate that the Hills' vehicle was repaired free of charge.

[8] In any event, even if the repair invoices tendered by the Hills contained cost information, "[t]he value of the car at acceptance cannot be extrapolated from the costs incurred by [them] for repairs since several repairs were repeated." *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113, 116 (4) (363 SE2d 312) (1987).